# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

SHAUN STEELE,                        )
                     Petitioner,        )
                                 )
vs.                                  )        Case No. 1:14-cv-243-LJM-DML
                                 )
MARK SEVIER, Superintendent ,[1]  et al        )
                                 )
                    Respondent.        )

### Entry Denying Petition for Writ of Habeas Corpus

The petition of Shaun Steele for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 13-12-0330. For the reasons explained in this Entry, Steele's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] The clerk shall substitute the current superintendent, Mark Sevier, in his official capacity, as the respondent in this action.

## II. The Disciplinary Proceeding

On December 20, 2013, Investigator Johnson wrote a Report of Conduct in case CIC 13-12-0330 charging Steele with threatening. The Report of Conduct states:

> On December 05, 2013 while reviewing Offender Steele, Shaun 994225 JPAY mail account I, Investigator Matt Johnson discovered a letter written to Shyanne Smith dated 12/03/2013 at 12:58pm making threats of wanting to cause harm to another person the letter stated "I wish I would have had gotten my order so I would have some phone minutes. I need to talk to someone right now. I am really frustrated and angry right now. This program is so fucked up it is insane. Its to the point I cant handle this shit no more. These pieces of shit are stesting my resolve. I want to kill a muthafucker. Lieing ass snitch bitch muthafuckers. What ever happened to prison code: What ever happened to snitches get stiches. I better watch my seklf. these fags are probably reading over my shoulder. I gotta go. Talk to you later sis Love you Your big bro Shaun."

(spelling errors in the original).

On December 26, 2013, Steele was notified of the charge of threatening and was served with the conduct report and the notice of disciplinary hearing screening report. Steele was notified of his rights and pled not guilty. He did not request any witnesses and requested "any" physical evidence.

On December 26, 2013, a hearing officer conducted a disciplinary hearing and found Steele guilty of threatening. In making this determination, the hearing officer considered staff reports, the statement of the offender, and physical evidence. Based on the hearing officer's recommendations, a written reprimand, 90 days in disciplinary segregation, a sixty (60) day deprivation of credit time, a suspended demotion from credit class I to credit class II, and the imposition of a previous suspended sanction of a thirty (30) day deprivation of credit time, were imposed. The hearing officer imposed the sanctions because of the seriousness and nature of the offense.

Steele appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. Analysis

Steele asserts the following claims: 1) violation of due process rights; 2) retaliation; and 3) cruel and unusual punishment.

Steele asserts in his first two claims that the conduct report was not written within 24 hours of the alleged incident, in violation of Indiana Department of Correction ("IDOC") policy. He also alleges that his sanctions were not progressive discipline and they were retaliatory, in violation of IDOC policy. Relief for these claims is not available in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Steele also argues that the hearing officer did not give reasons for the action that was taken and did not provide a written statement of the evidence relied on. The Report of Disciplinary Hearing shows otherwise. The hearing officer noted that the reasons for the sanctions imposed were the seriousness and nature of the offense. The hearing officer also reported that he relied on staff reports, the offender's statement, and physical evidence in making his decision.

Steele next argues that the conditions of segregation are below standards and are hazardous to his health. This "conditions" claim is not one of due process and cannot be brought in a habeas petition. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir.2003) (explaining the

difference between a civil rights action and a habeas action, the Seventh Circuit stated that "[c]hallenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of confinement come under § 2254.").

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence.").

Steele was given notice and had an opportunity to defend the charge. As noted, the hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. In addition, there was sufficient evidence in the record to support the finding of guilt. There were no violations of Steele's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Steele's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  08/06/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Electronically registered counsel

Shaun L. Steele
#994225
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914